Argued December 9, 1925, affirmed February 9, 1926.

IN THE MATTER OF THE LIQUIDATION OF THE STATE BANK OF PORTLAND. STATE *v.* STATE BANK OF PORTLAND ET AL

(243 Pac. 86.)

**Banks and Banking—Statute as to Liquidating State Banks is Complete in Itself—Superintendent of Banks not Within Statutes Requiring Bank Officers to Report Deposits Unchanged for Seven Years.**

As Section 6223, Or. L., providing mode of procedure for liquidating of insolvent state bank is complete in itself, it is not governed by Sections 10160, 10163, and the Superintendent of Banks in charge of an insolvent state bank is not within latter sections, which require cashier or secretary of a bank to make and publish statement of deposits not changed for seven years, and make failure to comply therewith a misdemeanor.

From Multnomah: WALTER H. EVANS, Judge.

Department 2.

This proceeding was initiated by the Attorney General filing in the Circuit Court of Multnomah

County, Oregon, in the liquidation proceedings of the State Bank of Portland, his petition praying for an order requiring the Superintendent of Banks to publish a copy of the sworn statement as required by Section 10160, Or. L., and to require the Superintendent of Banks to allow a claim in said liquidation proceedings in favor of the State Treasurer for the sum of $1,513.65, less cost of publication, and to pay dividends on said claim in the same amount as should be paid to unpreferred depositors.

Prior to February 16, 1922, the State Bank of Portland was a banking institution and on said date was insolvent. This bank was closed by its board of directors and by like authority its assets turned over to the Superintendent of Banks for liquidation.

The Superintendent of Banks interposed a general demurrer, which was sustained, and upon the Attorney General's refusal to plead further, his petition was dismissed, from which order this appeal is prosecuted.    AFFIRMED.

For appellant there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Miss Grace E. Smith,* Assistant Attorney General.

For respondents there was a brief over the name of *Messrs. Bowerman & Kavanaugh,* with an oral argument by *Mr. Jay Bowerman.*

McBRIDE, C. J.—This case has been elaborately presented and the construction of the various statutes has been a matter of no small difficulty. Section 10160, Olson's Oregon Laws, reads as follows:

117 Or.—14

"Bank Officers to Make and Publish Statement of Deposits not Changed for Seven Years—Exceptions, The cashier or secretary of every bank, savings bank, savings and loan society, and every institution in which deposits of money are made, shall within fifteen days after the first day of July in the year 1907, and within fifteen days after the first day of July of each and every succeeding year thereafter, return to the secretary of state of Oregon a sworn statement showing the amount standing to the credit of every depositor who shall. not have made a deposit, or who shall not have withdrawn any part of his deposit, principal or interest for the period of more than seven years. Such statements shall also contain the last known place of residence or post-office address of such depositor, and the fact of his death, if known. Cashiers and secretaries of such banking institutions shall publish copies of such sworn statement in a newspaper of general circulation published in a county or town where such bank is situated, and said statement shall be published at least once a week for four successive weeks, the cost of such publication to be paid *pro rata* out of said unclaimed deposits. The provisions of this act shall not apply to, or effect [affect] the deposit of any person known to such cashier or secretary to be living. Provided, however, any savings deposit made in any institution above mentioned, shall not escheat to the state until the expiration of twelve years in lieu of the seven-year period above mentioned; but the provisions of this act shall apply to a deposit of an insane person or a person under a legal disability, whose relatives or persons having the custody, guardianship, or control of such insane person or persons under legal disability, shall not have knowledge of such deposit."

Section 10163 is as follows:

"Failure to Comply With Act a Misdemeanor. Any cashier or secretary of any of the banking institutions mentioned in section 10160 of this act, neglecting or refusing to make the sworn statement required by said section 10160, shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be fined in any sum not less than $50 nor more than $1,000, or confined in the county jail not less than ten days nor more than ninety days or by both such fine and imprisonment, in the discretion of the court."

Is the Superintendent of Banks in charge of the assets and business of an insolvent bank within the provisions of these two sections, and was it the legislative intent to include therein insolvent banks whose business is in the hands of the Superintendent for liquidation? On the very face of the statute, the contrary intent seems to be indicated. without discussing the proposition of the existence of an insolvent bank as a corporate entity, which for some purposes it may be in spite of the fact that its assets and business are in the hands of the Superintendent for the purpose of liquidation, it is apparent that the court would have to amend, by construction, a highly penal statute in order to make it fit the contention of the petitioner. If the cashier of an active and solvent bank should disregard the provisions of Section 10161, *supra,* an indictment under Section 10163, Or. L., would read somewhat as follows:

"A. B., being cashier of ―― bank and, etc., did unlawfully and willfully refuse to return to the secretary of state a sworn statement showing the amount standing to the credit of every depositor and, etc., as required by Section 10160, etc."

The mandate of the law is directed to a particular person the "cashier or secretary," and such

person can only be an appendage of an active bank. The Superintendent of Banks is neither a cashier nor secretary of an insolvent bank, or other corporation named in the statute, and while it would have been competent for the legislature to have required him to make a report like that required of a cashier or secretary, it did not see fit to do so, and we have no license to be wiser than the legislature. Chapter V, Title XXXV, Or. L., covers the question of insolvency and liquidation of state banks. This is part of the 1911 Statute, Chapter 171. Section 6223, Or. L., provides the mode of procedure for the liquidation of an insolvent state bank. At the bottom of page 2484, and as a part of Section 6223, *supra,* under the subtitle "Dividends, When Declared," is the following:

"At any time after the expiration of the date fixed for the presentation of claims the superintendent of banks may, out of the funds remaining in his hands after the payment of expenses, declare one or more dividends, and after the expiration of one year from the first publication of notice to creditor he may declare a final dividend, * * ."

On pages 2485 and 2486, and as part of the same section, we find provisions governing the disposal of the assets after the depositors presenting claims have been paid in full. Under the subtitle "Superintendent to Call Meeting of Stockholders, When," is the following:

"Whenever the superintendent of banks shall have paid to each depositor and creditor of such bank (not including stockholders) whose claim or claims as such depositor or creditor shall have been duly proved and allowed, *the full amount of such claims,* and shall have made proper provision for unclaimed or unpaid deposits or dividends * *

the superintendent of banks shall call a meeting of the stockholders \* \* ."

The succeeding paragraphs provide for the handling of the assets either by the Superintendent of Banks or the stockholders. All of the above refers, however, to the period of time after all allowed claims have been paid. After the subdivision concerning the election of liquidating agents appears the following under the subtitle, "Dividends and Unclaimed Deposits, Disposition of."

"Dividends and unclaimed deposits remaining in the hands of the superintendent of banks for six months after the order of final distribution shall be by him deposited in one or more banks under his supervision to the credit of the superintendent of banks in his name of office in trust for the several depositors or creditors entitled thereto \* \* ."

It is only reasonable to conclude that this language refers back to the language on page 2485, *supra,* under the subtitle "Superintendent to Call Meeting of Stockholders, When," and refers to the following,—"and shall have made proper provision for the unpaid or unclaimed deposits or dividends," and has reference only to a bank where all presented and allowed claims have been fully paid and does not refer to a bank where the assets are not sufficient to pay the claims of depositors. We hold, as to the matters here litigated, that the act providing for the liquidation of insolvent banks is complete in itself and is not governed by the provisions of Section 10161, Or. L., which applies only to active banks.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

BEAN, BROWN and BELT, JJ., concur.